**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
Elizabeth A. Wagner, Esq. (317098)
elizabeth@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177
Facsimile: (805) 994-0197

*Attorney for Plaintiff*,
Norman Asis

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NORMAN ASIS,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**MONEYLION, INC.,**<br><br>　　　　Defendant. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. § 1693, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. The stated purpose of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA"), is to "provide a basic framework establishing the rights, liability, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). EFTA's "primary objection…is the provision of individual consumer rights." *Id*. Moreover, the language of EFTA indicates that the consumer protection measures contemplated by it are aimed at promoting disclosure, preventing fraud, and allocating liability. *Id*., at 1693d-1.

2. NORMAN ASIS ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of MONEYLION, INC. ("Defendant') with regard to an unauthorized electronic funds transfer.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

6. Any violations by each Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to federal question jurisdiction under 28 U.S.C. § 1331. More particularly, this action arises out of Defendant's violations of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA").

9. Because Defendant conducts business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Riverside County in this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

11. Plaintiff is a natural person who resides in Riverside County, State of California, and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

12. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1693a(6).

13. Defendant is a "financial institution" as defined by 15 U.S.C. 1693a(9).

14. Defendant is a corporation doing business in the County of Riverside, State of California, and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff is an individual residing within the State of California.

16. Plaintiff maintained a deposit account with Defendant that constitutes an "account" as defined by 15 U.S.C. § 1693a(2) and 12 C.F.R. 1005.2(b)(1). Plaintiff had a debit card ending in 7428 that was associated with his deposit account with Defendant (the "Account").

///

///

17. On or about April 27, 2023, Plaintiff learned of a series of unauthorized transactions pending against his account, totaling $747.91, which were incurred in the days prior to Plaintiff's knowledge of the charges.

18. More specifically, these transactions consisted of five ATM withdrawals of $100.00, totaling $500.00, three transactions at a Rite-Aid each for $61.79, totaling $185.37, and one transaction at Rite-Aid for $62.54.

19. After learning of these charges, Plaintiff immediately contacted Defendant on April 28, 2023 and informed Defendant that these were unauthorized charges and initiated a telephonic dispute with Defendant.

20. Plaintiff's debit card was in his possession at all relevant times.

21. Plaintiff has not authorized any other person but himself to use his debit card.

22. Plaintiff did not authorize or initiate any of the above referenced transactions.

23. Plaintiff has kept his PIN code safely in memory.

24. On May 14, 2023, after waiting over two weeks, Plaintiff telephoned Defendant to learn the status of his dispute, wherein Defendant informed Plaintiff that his dispute was denied.

25. After learning of the dispute denial, Plaintiff sought to appeal the decision and initiated the process with Defendant during the same telephone conversation in which he learned of the denial.

26. After speaking to a customer service representative, Plaintiff contacted Defendant via email to further explain his frustration with the outcome of initial dispute.

27. Plaintiff requested that Defendant obtain surveillance camera footage from the ATM from which the withdrawals were made, which would conclusively demonstrate that Plaintiff did not make the withdrawals in question.

28. On May 31, 2023, Plaintiff received an email from Defendant stating that his appeal was denied.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

29. Plaintiff is a disabled veteran, who served two combat tours in Iraq as a Navy Corpsman for over 8 years.
30. As a result of his service, Plaintiff's disability is total and permanent, and he suffers from major depressive disorder and post-traumatic stress disorder.
31. Plaintiff's income is totally dependent upon Social Security Disability Insurance.
32. Plaintiff's fixed income is the sole source of income for his family.
33. Plaintiff's reliance upon his fixed income is further exacerbated by his and his wife's care of their two children, the youngest of which has a developmental disability.
34. Thus, a loss of over $700.00 represents an intolerable, unjustifiable, and significant burden on Plaintiff and his family.
35. Defendant's investigation was unreasonable.
36. More specifically, Defendant should have discovered from its own records, including Plaintiff's investigative materials, that the transactions at issue were unauthorized and fraudulent transactions.
37. Defendant did not make a good faith investigation of the unauthorized electronic fund transfers.
38. Defendant did not have a reasonable basis for believing that Plaintiff's account was not in error.
39. Defendant knowingly and willfully concluded that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.
40. Through this conduct, Defendant violated 15 U.S.C. § 1693f.
41. Through this conduct, Defendant violated 15 U.S.C. § 1693g.
42. Defendant imposed liability on Plaintiff for the entirety of the disputed transactions and fees.

43. The abovementioned transactions were unauthorized electronic fund transfers as defined by 15 U.S.C. § 1693a(12); and, 12 C.F.R. 1005.2(m).

44. To date, Defendant continues to hold Plaintiff responsible for the fraudulent transactions.

45. Since Plaintiff's efforts to be absolved of the unauthorized fraudulent transactions were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's dispute.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT

## 15 U.S.C. §§ 1693, ET SEQ. (EFTA)

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.

48. As a result of each and every violation of EFTA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

49. Plaintiff is also entitled to treble damages pursuant to 15 U.S.C. § 1693f(e) for knowingly and willfully concluding that Plaintiff's consumer's account was not in error when such conclusion could not have been reasonably drawn from the evidence available to Defendant at the time of the investigation.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1) for Plaintiff;

- An award of statutory damages of no less than $100 nor greater than $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A) for Plaintiff;
- An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3);
- An award of treble damages pursuant to 15 U.S.C. § 1693f(e);
- Any and all other relief the Court deems just and proper.

**TRIAL BY JURY**

50. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 21, 2023                                         Respectfully submitted,

**LOKER LAW, APC**

By: /s/ Elizabeth A. Wagner
Elizabeth Wagner, Esq.
Attorney For Plaintiff